# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHENZEN SYNERGY DIGITAL CO., LTD. § § § *Plaintiff*, § § v. § § MINGTEL, INC. § § *Defendant*. § | Civil Action No.  4:19-cv-00216 Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Shenzen Synergy Digital Co. Ltd.'s Motion for Summary Judgment (Dkt. #24).  Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be **DENIED.**

### BACKGROUND

This case arises from a contract between Plaintiff Shenzen Synergy Digital Co., Ltd. and Mingtel, Inc.  The contract was made pursuant to the Convention for the International Sale of Goods ("CISG").  The contract covered the manufacturing and shipping of computer tablets.

On June 24, 2020, Plaintiff filed its Motion for Summary Judgment (Dkt. #24).  On August 20, 2020, Defendant filed its Response (Dkt. #26).  On September 4, 2020, Plaintiff filed its Reply (Dkt. #30).

### LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss

a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff asks this Court to grant summary judgment in its favor both on its claim and on Defendant's counterclaim. Plaintiff contends that no genuine issues of material fact exist as to: (1) whether Defendant breached the contract; (2) whether Defendant inspected and accepted the tablets prior to the tablets leaving Plaintiff's factory; and (3) whether notification that the tablets were non-conforming goods by Defendant was untimely. After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiff has met its burden demonstrating that there is no material issue of fact as to these claims entitling it to judgment as a matter of law. Accordingly, the Court finds that Plaintiff's Motion for Summary Judgment should be denied as to both its claim and Defendant's counterclaim.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Shenzen Synergy Digital Co. Ltd.'s Motion for Summary Judgment (Dkt. #24) **DENIED.**

SIGNED this 2nd day of November, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE