# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHENZEN SYNERGY DIGITAL CO., LTD. | § § § | |
| *Plaintiff*, | § § | Civil Action No. 4:19-cv-00216 |
| v. | § § | Judge Mazzant |
| MINGTEL, INC. | § § § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's request that its witnesses appear via video for the trial, made in the Joint Motion for Status Conference (Dkt. #53). Having considered the request and the relevant pleadings, the Court finds that Plaintiff's request for remote testimony at trial should be **GRANTED.**

### BACKGROUND

Highly summarized, this case arises from a contract between Plaintiff Shenzen Synergy Digital Co. Ltd. (Synergy) and Defendant Mingtel, Inc. (Mingtel) for the sale of computer tablets (Dkt. #1). As Plaintiff is a Chinese company located in Shenzen, China, its witnesses are Chinese nationals who currently reside in China (Dkt. #51).

More relevant for purposes of this motion is the procedural history of the case. The case was originally filed on March 20, 2019 and set for trial on February 1, 2021 (Dkt. #1; Dkt. #40). On January 8, 2021, at the Pretrial Conference, the parties agreed that Plaintiff's witnesses would testify remotely at trial due to Covid-19 and the travel restrictions in place (Dkt. #43). In light of this agreement, the Court granted Plaintiff's unopposed motion for its witnesses to appear by video

(Dkt. #42).  However, subsequently, Defendant filed a motion to continue the trial, contending that it had come to Defendant's attention that Chinese law prohibited witnesses from providing testimony from mainland China (Dkt. #44 at p. 2).  While Plaintiff responded that its witnesses could testify from Macau or Hong Kong instead of mainland China, Plaintiff also stated that it did not oppose the motion because it was experiencing technical issues with the Court's video platform (Dkt. #44 at p. 9).  The Court never reached the merits of the issue of video trial testimony because Plaintiff's counsel contracted Covid-19 in late January and informed the Court that he could not attend the trial set to begin on February 1, 2021.  Accordingly, the trial was reset for October 19, 2021 (Dkt. #50).

On October 1, 2021, Plaintiff filed an unopposed motion to continue the trial, arguing a continuance was warranted because of the new travel restrictions implemented in Macau (Dkt, #51).  The Court granted the motion but warned that no additional continuances would be allowed (Dkt. #52).  The trial was reset for January 3, 2021 (Dkt. #52).  On December 1, 2021, the parties filed a joint motion requesting a status conference to discuss the logistics of the upcoming trial (Dkt. #53).  On December 14, 2021, the Court held a status conference.  At the status conference, Plaintiff requested that its witnesses in China appear remotely from Macau, via video, for the upcoming trial because of the continued risks presented by Covid-19 and the travel restrictions imposed by China.  Defendant stated that it opposed Plaintiff's request, and instead asked the Court to continue the matter until a time when Plaintiff's witnesses could appear in person.

At the status conference, the Court requested additional briefing on whether remote testimony should be allowed at the trial.  Defendant filed a letter brief in support of its request that the Court deny remote testimony at the trial and instead grant a continuance (Dkt. #55).  Plaintiff filed a letter brief in response to Defendant's brief (Dkt. #56).

## LEGAL STANDARD

Rule 43 governs the taking of testimony at trial. In particular, Rule 43(a) provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

FED. R. CIV. P. 43(a). Thus, Rule 43 makes clear that in order to present the testimony of a witness by way of videoconferencing from a remote location, a party must first establish "good cause in compelling circumstances." *Id*.

The decision whether to allow remote testimony pursuant to Rule 43(a) lies within the district court's discretion. *See Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013) ("Like other evidentiary rulings, a district court's decision whether to allow remote testimony pursuant to Rule 43(a) is reviewed for abuse of discretion"). Indeed, Rule 43(a) "is by its own terms permissive and not mandatory." *Id.* at 478. Therefore, even if a party makes an adequate showing of good cause for the use of remote testimony, district courts are not required to permit it. *Id.*

As the Advisory Committee Notes to Rule 43(a) explain, the rule is intended to permit remote testimony "when a witness's inability to attend trial is the result of unexpected reasons, such as accident or illness, and not when it is merely inconvenient for the witness to attend the trial." *Id.* Further, courts have allowed remote testimony in instances, like here, where the witness was located far from the site of trial or hearing. *Id*. (collecting cases).

## ANALYSIS

Plaintiff seeks to have its witnesses in the upcoming trial testify remotely from Macau because of the exigency of the Covid-19 pandemic and its effect on international travel from China

to the United States (Dkt. #56). Specifically, because travel between China and the United States would require Plaintiff's witnesses to quarantine from 14-21 days upon return from the U.S. at the witnesses' own expense, Plaintiff contends this requirement presents an undue hardship for Plaintiff's witnesses (Dkt. #51 at p. 3). Plaintiff has selected Macau for the location of the remote testimony because Macau allegedly does not have the same prohibitions as mainland China, there is no quarantine requirement for Chinese citizens traveling from the mainland to Macau, and Plaintiff's witnesses have received approval to travel there (Dkt. #56 at p. 4). Defendant opposes Plaintiff's request for its witnesses to testify remotely on two main grounds (Dkt. #55). First, Defendant argues that the witnesses' testimony in Macau will violate Chinese law without the appropriate permission (Dkt. #55 at p. 1). Second, Defendant contends that trial testimony should be done live, in the courtroom, and Plaintiff has not shown good cause otherwise (Dkt. #55 at pp. 1 & 8). The Court will address these arguments in turn.

### I. Legality of Remote Testimony from Macau

Both parties do not dispute, and the Court agrees, that oral testimony is not permitted to be taken from witnesses located in Mainland China for use in foreign courts without permission from Chinese authorities. *See Yan v. Zhou*, No. 18-cv-4673, 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021) ("The law of China prohibits Defendants from being deposed while they are within the borders of People's Republic of China without permission from the authority of the People's Republic of China.") (citing Article 277 of Chinese Civil Law). Further, courts have recently confirmed that this prohibition extends to remote testimony that is taken from mainland China. *See Junjiang Ji v. Jling Inc.*, No. 15-CV-4194, 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (finding that conducting the plaintiff's trial testimony remotely while he was located in

4

China violated Article 277). However, the parties' dispute centers around whether this same prohibition applies to witnesses located in Macau. The Court finds that it does not.

As an initial matter, Macau is subject to different rules than mainland China. Like Hong Kong, Macau is a Special Administrative Region of China, which means it falls within the sovereignty of the People's Republic of China ("China") but does not form part of mainland China. *See* Practical Law UK, *Macau Special Administrative Region*, https://uk.practicallaw.thomsonreuters.com (last visited Dec. 22, 2021). Under the policy of "one country, two systems," China is responsible for Macau's defense and foreign affairs, while Macau otherwise maintains its own legal system, police force, monetary system, customs policy, and immigration policy. *Id*. Indeed, Macau is authorized by China "to exercise a high degree of autonomy and enjoy executive, legislative, and independent judicial powers, including that of final adjudication." *Macau: The Basic Law of the Macao Special Administrative Regions of the People's Republic of China*, https://www.refworld.org/docid/3ae6b53a0.html (last visited Dec. 22, 2021). Thus, as a Special Administrative Region, Macau has separate legal rules from China.

In fact, in further recognition that Macau and Hong Kong are distinct from mainland China, in-person and video depositions of Chinese nationalists have long been conducted from these places for use in the United States. *See Dagen v. CFC Grp. Holdings Ltd.*, No. 00 Civ. 5682, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003) (permitting testimony by telephone of witnesses based in Hong Kong); *Homedics-USA, Inc. v. Yejen Indus., Ltd.*, No. 05-70102, 2007 WL 9700635, at *2 (E.D. Mich. June 15, 2007) (noting "that telephonic depositions are permissible in Hong Kong, as they are in the United States"); *Inventus Power v. Shenzhen Ace Battery*, No. 20 CV 3375, 2021 WL 4477940, at *14 (N.D. Ill. Sept. 30, 2021) (finding that depositions can lawfully proceed in Macau and permitting them to take place there).

Further, the allowance of remote testimony in China for use in foreign courts has been examined more recently in relation to travel problems caused by Covid-19. *See Zhizheng Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *1 (W.D. Wash. June 22, 2020). In *Hull*, the court was tasked with determining whether the parties could take the deposition of the plaintiff at his home in Beijing. *Id.* After determining that plaintiff could not be deposed in China under Article 277, the Court ordered the parties to take the plaintiff's "deposition at a place where the parties can take [plaintiff's] testimony without fear of reprisal by the People's Republic of China - such as Seattle, Hong Kong, *Macau*, Seoul, or Taipei." *Id*. at *2 (emphasis added). Thus, *Hull* is noteworthy because although it found that plaintiff's testimony could not be taken from mainland China, it recently authorized remote testimony from a place like Macau. *See id.*

Tellingly, Defendant cites no authority for the proposition that oral testimony is prohibited for use in foreign courts from a witness in Macau. Instead, as Plaintiff points out, Defendant generalizes and cites authority stating that witnesses located in China violate Chinese law by testifying for foreign courts. But Plaintiff does not dispute that testimony cannot be given from mainland China. Further, the cases that Defendant relies on do not support the necessary link in Defendant's argument—that, like mainland China, testimony is barred in Macau.

For example, while *Junjiang*, a case that Plaintiff relies on, holds that witnesses located in mainland China violate Chinese law by testifying remotely, it does hold anything further. *See* 2019 WL 1441130, at *11. Indeed, it actually offers some support for the proposition that remote testimony is allowed from Macau. For example, in *Junjiang*, the witness was in fact deposed in Hong Kong without opposition. *Id.* at *6. Further, in finding that testimony on mainland China was prohibited, the Court relied heavily on the testimony of a lawyer licensed to practice law in China—even quoting him in the Court's opinion. *Id.* at *14–17. But the quoted passages also

reveal that the lawyer admitted that, unlike China, testimony could be given from Hong Kong. *Id*. at *17. Thus, the case is significant to the Court not because it did not allow testimony from mainland China, but because it noted distinctions for testimony between mainland China and another Special Administrative Region of China.

Similarly, the Court finds *United States v. Feng Tao*, No. 19-20052, 2021 WL 5205446 (D. Kan. Nov. 9, 2021), another case cited by Defendant, to be distinguishable. Indeed, *Feng Tao* was a criminal case, and the United States was a party to the action, so Chinese sovereign interests were implicated. *See id*. Further, in *Feng Tao*, in examining whether the deposition could be taken from Macau or Hong Kong, the Court relied on the Government's assertion that *criminal depositions involving the U.S. government* required approval no matter the location in China. *Id*. at *8. Thus, the case is easily distinguishable because of the special rules involved with criminal depositions, the U.S. government, and Chinese sovereign interests.

Accordingly, the Court finds that permitting trial testimony from Macau would not violate Chinese law. The Court now turns to whether Plaintiff has shown that good cause exists for the allowance of remote testimony.

## II. Whether Good Cause Exists

Under Rule 43(a), a court may permit remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." FED. R. CIV. P. 43(a). Plaintiff argues that given the Covid-19 pandemic, the realities of international travel, the prospect of both catching and spreading the virus, especially the new Omnicron variant, and quarantine requirements for witnesses returning to Mainland China from the U.S., there exists good cause for permitting trial testimony via the Court's video platform from Macau (Dkt. #56 at p. 4). The Court agrees.

This case was filed almost three years ago but has yet to go to trial. Due to continued impediments as a result of Covid-19 and its effect on international travel, the Court has already granted continuances for the trial twice. But as the pandemic continues to ravage on, it remains unclear when quarantine requirements in China will be lifted. Indeed, with the rapid spread of the Omnicron variant, it does not seem likely that these restrictions will be lifted anytime soon. Thus, the Court is faced with a predicament. While it is undisputed by all parties that live testimony is preferrable, the Court has serious doubts that the current circumstances will change anytime soon. Thus, if the Court were to postpone the trial again, it seems likely that the Court will be presented with the same dilemma in a few months. Consequently, the Court finds that it is preferable to allow remote video testimony than postpone the trial any further. Further, it is worth noting that at the Pretrial Conference Defendant originally agreed to permit Plaintiff's witnesses to testify remotely. Thus, at one time, even Defendant agreed with the Court's position.

Further, turning to specifics of Rule 43, the Court finds that there is good cause in compelling circumstances that, with appropriate safeguards, justify the use of contemporaneous remote video testimony for Plaintiff's witnesses. First, because Plaintiff's witnesses would be required to quarantine for 14-21 days upon return from the Unites States at their own expense, travel from China to the Unites States poses an undue hardship to the witnesses that goes beyond mere inconvenience. Thus, the distant location of these witnesses and the challenges of travel during the global COVID-19 pandemic present good cause in compelling circumstances for remote testimony. *See Eller*, 739 F.3d at 478 (collecting cases where courts let witnesses testify remotely when "far from the site of [a] trial"); *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-CV-00482, 2020 WL 3104033, at *1–*2 (E.D.N.Y. June 11, 2020) (finding the current pandemic good cause in compelling circumstance for remote bench trial). Indeed, even Defendant admits, "COVID-19

is probably the single-most compelling circumstance in which a court would and should permit testimony to be taken virtually as opposed to in open court" (Dkt. #55 at p. 3).

Second, the Court finds that there are "appropriate safeguards" in place as contemplated by Rule 43(a) to justify the remote testimony. Rule 43(a)'s requirement that testimony occur in open court serves two purposes: (1) to ensure that the witness testimony may be tested by cross-examination, and (2) to allow the trier of fact to observe the demeanor of the witness. *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972). Both purposes are satisfied with contemporaneous videoconferencing technology. First, there is no question that the parties in this case will be allowed to cross-examine the witnesses. And, second, because modern videoconferencing technology allows for near instantaneous transmission, the Court will sufficiently be able to make credibility determinations. *See In re Vioxx Prods. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006) (noting that contemporaneous transmission of video testimony through current technology allows the Court "to see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration, and, thus satisfies the goals of live, in-person testimony.") (internal citation and quotation marks omitted). Thus, the Court finds there is good cause for Plaintiff's witnesses to testify remotely from Macau.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's request that its witnesses appear via video for the trial, made in the Joint Motion for Status Conference (Dkt. #53) is **GRANTED**.

It is further **ORDERED** that Plaintiff's witnesses may appear at trial and testify remotely. Counsel shall contact Network Administrator Shelly Wilson to make arrangements for video appearance (Shelly_Wilson@txed.uscourts.gov).

**IT IS SO ORDERED.**

**SIGNED this 23rd day of December, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE