# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHENZEN SYNERGY DIGITAL CO., LTD.<br>　*Plaintiff/Counter-Defendant*,<br><br>v.<br><br>MINGTEL, INC.<br>　*Defendant/Counter-Plaintiff*. | §<br>§<br>§<br>§<br>§   Civil Action No.  4:19-cv-00216<br>§   Judge Mazzant<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Tax Costs (Dkt. #74).  Having considered the motions and the relevant pleadings, the Court finds it should be **GRANTED**.

## BACKGROUND

The facts of this case are fully set out in the Court's Findings of Fact and Conclusions of Law (Dkt. #72) (the "Opinion"), which was entered on March 29, 2022.  Highly summarized, on March 20, 2019, Plaintiff Shenzen Synergy Digital Co., Ltd. ("Synergy") filed its original complaint against Defendant Mingtel, Inc. ("Mingtel") (Dkt. #1).  Synergy asserted that Mingtel breached a contract for the sale of computer tablets by refusing to take delivery of purchase order MT0559 and failing to pay the balance owed under the order (Dkt. #1 ¶ 26).  In its answer and counterclaim, Mingtel asserted its own breach of contract claim, alleging that Synergy failed to provide conforming goods under MT0559 and a previous purchase order, MT0560 (Dkt. #4 ¶ 39).

On January 3, 2022, the Court held a bench trial on the matter.  Following the bench trial, the Court filed the Opinion, and therein found in favor of Synergy on its breach of contract claim for purchase order MT0559 (Dkt. #72).  The Court also concluded that Mingtel's counterclaim

failed because Mingtel did not prove that Synergy breached purchase order MT0560 by delivering nonconforming tablets (Dkt. #72). The Court also found that even if Mingtel had proved that the tablets were nonconforming, its counterclaim still failed because Mingtel did not timely inspect the goods or timely notify Synergy that the goods were nonconforming (Dkt. #72). As a result of its determination that Mingtel breached its contract with Synergy, the Court awarded Synergy damages in the amount of $373,840.00 plus prejudgment interest (Dkt. #72). On March 29, 2022, the Court entered its Final Judgment (the "Final Judgment") (Dkt. #73).

On April 12, 2022, Synergy filed the present motion (Dkt. #74). Though Mingtel did not file a response, Synergy noted in the present motion that Mingtel was opposed to the costs because Mingtel would be filing a motion for reconsideration (Dkt. #74 at p. 1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court may tax the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2018).

The Fifth Circuit has explained that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)

(citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The denial of costs is considered "in the nature of a penalty," so the Court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131. "The burden is on the party seeking an award of costs to show entitlement to an award." *DietGoal sitiInnovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015).

The Court has discretion to deny costs when the "suit was brought in good faith and denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *see also* 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2668, at 234 (4th ed. 1998).

## ANALYSIS

Synergy, as the prevailing party in the matter, requests reimbursement totaling $3,211.68 for the following three categories of costs: (1) $400 for the filing fee for filing the Complaint with the Clerk of the Court; (2) $1,559.60 for printed deposition transcripts; and (3) $1,252.08 for compensation for its Chinese interpreter (Dkt. #74 at pp. 4–5). Mingtel did not specifically object to any of these costs. The Court considers these in turn.

### I.     Cost of Filing Fee

First, Synergy seeks $400, the filing fee for filing the Complaint with the Clerk of the Court. The Court finds that Synergy is permitted to recover the $400 filing fee pursuant to 28 U.S.C. § 1920(1). *See Galeas v. Staff Pro, LLC*, No. 18-121, 2018 WL 4794274, at *4 (E.D. La.

Oct. 4, 2018) ("[Plaintiff] is permitted to recover the $400 filing fee pursuant to 28 U.S.C. § 1920"); *Pinkston v. Miss. Dep't of Corrs.*, No. 4:17-CV-39, 2021 WL 3611123, at *2 (N.D. Miss. Aug. 13, 2021) ("Pursuant to the language of § 1920, [plaintiff] is entitled to recover his $350.00 filing fee, which is a fee of the clerk.").

The Court turns to Synergy's request for the costs of printed deposition transcripts.

## II.     Cost for Printed Deposition Transcripts

Synergy next seeks reimbursement for its costs incurred on printed deposition transcripts, a total of $1,559.60 (Dkt. #74 at p. 4). More specifically, Synergy seeks $1,013.00 for the deposition transcript of James Hu, the witness called by Mingtel at trial, and $546.60 for the deposition transcript of Michael Glasscock, an employee of Mingtel who was listed to be called as a witness at trial by Mingtel (Dkt. #74 at p. 4). According to Synergy, both deposition transcripts were necessary for its counsel to prepare for the witnesses' trial testimony (Dkt. #74 at p. 4).

In the Fifth Circuit, "prevailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4), respectively, provided they were necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (internal quotations omitted). "[A] deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case." *Id*. Costs associated with the deposition or copies thereof are taxable "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Id.* "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court," and the district court has "great latitude" in making this determination. *Id.* at 285–86.

4

Here, Synergy has explained that the deposition transcripts were necessary for trial preparation—indeed, Hu was called by Mingtel at trial and Glasscock was listed to be called by Mingtel. Though Glasscock was ultimately not called by Mingtel at trial, "a deposition need not be introduced into evidence at trial in order to be necessarily obtained for use in the case." *Id.* at 285. Rather, a deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Id.* Here, the Court finds that at the time Glasscock's deposition was taken, the deposition was reasonably expected to be used for trial preparation. Accordingly, the Court is satisfied that the costs of the depositions were necessarily incurred and are thus recoverable under § 1920.

The Court turns to Synergy's final request—the cost of its interpreter at trial.

### III.     Cost for Interpreter at Trial

Synergy's final request is for $1,252.08, the cost of its Chinese interpreter who was present in Court for the entire trial (Dkt. #74 at p. 4). Synergy contends that "[t]he translator was necessary as [its] witness was a Chinese citizen testifying in Macau whose first language was Mandarin, although most of his testimony was in English" (Dkt. #74 at pp. 4–5). The Court agrees. Synergy is entitled to these costs under 28 U.S.C. § 1920(6), which authorizes "compensation of interpreters." 28 U.S.C. § 1920(6); *see also Ramirez v. Abreo*, No. 5:09-CV-190, 2011 WL 13233333, at *3 (N.D. Tex. Oct. 31, 2011).

5

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Tax Costs (Dkt. #74) is hereby **GRANTED**.  Plaintiff is awarded $3,211.68 in costs under this motion.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE