# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHENZEN SYNERGY DIGITAL CO., LTD.<br>　*Plaintiff/Counter-Defendant*,<br><br>v.<br><br>MINGTEL, INC.<br>　*Defendant/Counter-Plaintiff.* | §<br>§<br>§<br>§<br>§    Civil Action No.  4:19-cv-00216<br>§    Judge Mazzant<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Amend Judgment to Assess Prejudgment Interest (Dkt. #75). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED**.

### BACKGROUND

The facts of this case are fully set out in the Court's Findings of Fact and Conclusions of Law (Dkt. #72) (the "Opinion"), which was entered on March 29, 2022. Highly summarized, on March 20, 2019, Plaintiff Shenzen Synergy Digital Co., Ltd. ("Synergy") filed its original complaint against Defendant Mingtel, Inc. ("Mingtel") (Dkt. #1). Synergy asserted that Mingtel breached a contract for the sale of computer tablets by refusing to take delivery of purchase order MT0559 and failing to pay the balance owed under the order (Dkt. #1 ¶ 26). In its answer and counterclaim, Mingtel asserted its own breach of contract claim, alleging that Synergy failed to provide conforming goods under MT0559 and a previous purchase order, MT0560 (Dkt. #4 ¶ 39).

On January 3, 2022, the Court held a bench trial on the matter. Following the bench trial, the Court filed the Opinion, and therein found in favor of Synergy on its breach of contract claim for purchase order MT0559 (Dkt. #72). The Court also concluded that Mingtel's counterclaim

failed because Mingtel did not prove that Synergy breached purchase order MT0560 by delivering nonconforming tablets (Dkt. #72). The Court also found that even if Mingtel had proved that the tablets were nonconforming, its counterclaim still failed because Mingtel did not timely inspect the goods or timely notify Synergy that the goods were nonconforming (Dkt. #72). As a result of its determination that Mingtel breached its contract with Synergy, the Court awarded Synergy damages in the amount of $373,840.00 plus prejudgment interest (Dkt. #72). On March 29, 2022, the Court entered its Final Judgment (the "Final Judgment") (Dkt. #73).

On April 15, 2022, Synergy filed the present motion, requesting that the Court amend the Final Judgment to assess $73,524.70 in prejudgment interest (Dkt. #75). On April 20, 2022, Mingtel filed its response (Dkt. #76). On April 26, 2022, Synergy filed its reply (Dkt. #77).

## ANALYSIS

In its Final Judgment, the Court awarded Synergy $375,840.00, plus prejudgment interest (Dkt. #73). Now Synergy seeks prejudgment interest in the amount of $73,524.70 (Dkt. #75 at p. 3). To arrive at this figure, Synergy applied the prevailing Texas prejudgment interest rate for the time periods of June 2018 to March 2022 to the amount of $375,840.00. More specifically, Synergy's calculations can be broken down as follows:

| Time Period | Annual Prejudgment Interest Rate | Final Judgment | Number of Months | Amount per Month | Amount of Prejudgment Interest |
|---|---|---|---|---|---|
| June 2018 – October 2018 | 5% | $375,840.00 | 5 | $1,566.00 | $7,830.00 |
| November 2018 – January 2019 | 5.25% | $375,840.00 | 3 | $1,644.50 | $4,933.50 |
| February 2019 – August 2019 | 5.5% | $375,840.00 | 7 | $1,722.60 | $12,058.20 |
| September 2019 – October 2019 | 5.25% | $375,840.00 | 2 | $1,644.50 | $3,289.00 |
| November 2019 – March 2022 | 5% | $375,840.00 | 29 | $1,566.00 | $45,414.00 |
| **Total Prejudgment Interest** | | | | | **$73,524.70** |

In response, Mingtel does not take specific issue with Synergy's use of the Texas interest rate or the accrual period for the prejudgment interest (Dkt. #76). However, Mingtel objects to the Court considering the present motion until its reconsideration motion has been resolved (Dkt. #76 at p. 1).[1] Further, Mingtel argues that Synergy "has not asserted a legal basis for the interest [it] seek[s] or the rate of such interest" (Dkt. #76 at p. 1). Here, the Court finds that it must resolve two issues to determine the amount of prejudgment interest Synergy is entitled to: (1) the appropriate interest rate; and (2) the accrual period. The Court considers these in turn.

### I.      The Prejudgment Interest Rate

Though Mingtel does not object to the use of the Texas interest rate, the Court nevertheless finds it necessary to address the issue because of the inconsistency among courts on the issue. Article 78 of the U.N. Convention on Contracts for the International Sale of Goods ("CISG")—the governing law over the parties' dispute—clearly provides that a prevailing party is entitled to prejudgment interest. *See* CISG art. 78 ("If a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74."). However, the CISG is silent regarding the determination of the rate of prejudgment interest. Moreover, as noted, courts have varied considerably in their approaches to determining the appropriate rate of interest under the CISG. *See Chi. Prime Packers, Inc. v. Northam Food Trading Co*., 320 F. Supp. 2d 702, 716 (N.D. Ill. 2004) (noting that research showed courts have used nine different approaches in determining the rate of interest under the CISG), *aff'd*, 408 F.3d 894 (7th Cir. 2005).

---

[1] The Court rejects Mingtel's suggestion that the Court should defer ruling on the present motion until its to-be-filed reconsideration motion is resolved. This case has been going on since 2019. It is long overdue for closure. Further, adjudicating prejudgment interest at this juncture "promotes judicial efficiency and allows for fulsome appellate review at such time as it may be appropriate." *Core Wireless Licensing S.a.r.l. v. LG Elecs., Inc*., No. 2:14-CV-912, 2020 WL 1557492, at *4 (E.D. Tex. Apr. 1, 2020).

For example, in *Chicago Prime Packers*, an Illinois district court focused on its diversity jurisdiction and applied choice of law principles, as it would have in any other diversity case, to determine that the rate should be set by Illinois law. 320 F. Supp. 2d at 716. The court noted that "[i]t is well-settled that '[a] federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits,' including its choice of law." *Id*. (citing *Land v. Yamaha Motor Corp., U.S.A.*, 272 F.3d 514, 516 (7th Cir. 2001)). Thus, the court looked to the Illinois Interest Act, which provided a statutory rate of 5% per annum, to calculate the prejudgment interest. *Id*.

However, other courts have treated a dispute governed by the CISG as a federal question and found that the calculation of the prejudgment interest "rests firmly within the sound discretion of the trial court"—as is commonly done in cases arising under federal question jurisdiction where the relevant statute is silent with respect to prejudgment interest. *Guang Dong Light Headgear Factory Co., Ltd. v. ACI Intern., Inc*., No. 03-4165, 2008 WL 1924948, at *4 (D. Kan. Apr. 28, 2008); *see also Hefei Ziking Steel Pipe Co., v. Meever & Meever,* No. 4:20-cv-00425, 2021 WL 4267162, at *9 n.6 (S.D. Tex. Sept. 20, 2021). In exercising their discretion in choosing the prejudgment interest rate, some federal courts have looked to the post-judgment rate set by 28 U.S.C. § 1961(a) to calculate the prejudgment interest. *See, e.g., Delchi Carrier, SpA v. Rolex Corp.*, No. 88-CV-1078, 1994 WL 495787, at *7 (N.D.N.Y. Sept. 9, 1994), *rev'd in part on other grounds*, 71 F.3d 1024 (2d. Cir. 1995) ("Because [CISG] Article 78 does not specify the rate of interest to be applied, the court in its discretion awards [plaintiff] prejudgment interest at the United States Treasury Bill rate."); *Hefei*, 2021 WL 4267162, at *9; *San Lucio, S.R.L. v. Import & Storage Servs., LLC*, No. 07-3031, 2009 WL 1010981, at *3 (D.N.J. Apr. 15, 2009); *Guang Dong*, 2008 WL 1924948, at *4. Other courts recognizing that federal law governs the rate of interest have looked to state law or other federal statutes as guides for determining the prejudgment interest rate.

*See, e.g., Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, No. 14-CV-10246, 2016 WL 4532911, at *5 (S.D.N.Y. Aug. 23, 2016) (using the rate under 26 U.S.C. § 6621(a), the rate that is used when a tax payer underpays his taxes, because "[t]hat rate strikes [the Court] as reasonable"); *Norfolk S. Ry. Co. v. Power Source Supply, Inc.*, No. 06-58 J, 2008 WL 2884102, at *7 n.7 (W.D. Pa. July 25, 2008) (finding rate of 6 per cent annum to be sufficient, the default rate under the forum's law).

Here, the Court finds that, like most courts that have considered the issue, because the parties' dispute arises out of the CISG, prejudgment interest should be determined according to federal law.[2] *See Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994) ("[F]ederal law governs the range of remedies, including the allowance and rate of prejudgment interest, where a cause of action, as in this case, arises out of federal statute."); *see also Hefei*, 2021 WL 4267162, at *9 n.6 (finding that federal law governed the rate of interest even where court also had diversity jurisdiction because cause of action arose out of the CISG); *see also Norfolk*, 2008 WL 2884102, at *7 (treating the dispute as a federal question and applying its "broad discretion" to set a rate of prejudgment interest). As such, because the action arises under federal law, "it is within the discretion of the district court to select an equitable rate of prejudgment interest." *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991), *abrogated on other grounds by CIGNA Corp. v. Amara*, 563 U.S. 421 (2011). However, the Court nevertheless finds that the Texas prejudgment interest rate is appropriate.

---

[2] Though the Court has both diversity jurisdiction and federal question jurisdiction over the matter, the Court finds that federal law should govern because Synergy's breach of contract claim arose from the CISG. Indeed, "[i]t is not the basis of the federal court's subject matter jurisdiction, but rather the basis of the *claim* (state vs. federal), that prescribes the rules for decision." *Mike Vaughn Custom Sports, Inc. v. Piku*, No. 12-13083, 2014 WL 6455582, at *1 (E.D. Mich. Nov. 17, 2014) (emphasis in original); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938) (holding that federal courts must apply federal procedural rules and state substantive law when adjudicating state law claims).

Indeed, when federal law is silent on the rate of prejudgment interest, yet the district court must use its discretion select an equitable rate, the Fifth Circuit has held that "state law is an appropriate source of guidance." *Hansen*, 940 F.2d at 984 (quotation omitted). Accordingly, the Court looks to Texas law for guidance. Under Texas law, "prejudgment interest accrues at the rate for postjudgment interest and [is] computed as simple interest." *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 415 (5th Cir. 2011) (internal quotations omitted). Section 304.003 of the Texas Finance Code provides that the postjudgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." TEX. FIN. CODE § 304.003(c)(1). When final judgment was entered on March 22, 2022, the prime rate was five percent. Moreover, the Court finds the rate to be equitable as it would fairly compensate Synergy. Accordingly, the Court finds that Synergy is entitled to recover prejudgment interest at the rate of five percent per year.[3]

## II.     Accrual Date

Next, the Court must determine the date on which Synergy began accruing prejudgment interest. Synergy argues that the accrual date should be June 2018, pointing out that the Court previously found that Synergy informed Mingtel that the first 5,000 tablets were ready in the first few months of 2018 and that Mingtel was obligated to pay Synergy 90 days after delivery (Dkt. #75 at p. 3). Thus, according to Synergy, the accrual date should be the month payment was due—June 2018 (Dkt. #75 at p. 3 n.1). The Court agrees.

---

[3] Synergy contends that the prejudgment interest should be calculated based on the prevailing Texas judgment interest rate during the different time periods from June 2018 to March 2022 (Dkt. #75 at p. 3). In other words, Synergy argues that the Court should use varying interest rates—e.g., 5%, 5.25%, and 5.5% (Dkt. #75 at p. 2). However, the Court uses one interest rate—the interest rate at the time of judgment. *See* TEX. FIN. CODE § 304.103 ("The prejudgment interest rate is equal to the postjudgment interest rate applicable *at the time of judgment*.") (emphasis added).

In accordance with other courts determining prejudgment interest under the CISG, the Court finds that the accrual date should be June 1, 2018—the date payment was due for Order MT0559 by Mingtel—or the date of the breach.[4] *See San Lucio, S.R.L.*, 2009 WL 1010981, at *3 n.2 (using date of breach as the accrual date); *Norfolk*, 2008 WL 2884102, at *7 (same); *Pupille v. Nickolas Imports, LLC*, No. 1:12-CV-668, 2013 WL 2152633, at *2 (E.D. Va. May 15, 2013) (finding prejudgment interest should be assessed from the due date of the invoice to the date of judgment).[5] Further, the accrual period should end on March 29, 2022—the date the Court entered its Opinion and Final Judgment.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Amend Judgment to Assess Prejudgment Interest (Dkt. #75) is hereby **GRANTED**. Plaintiff is awarded prejudgment interest at the rate of five percent from June 1, 2018 to March 29, 2022.

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of June, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] As Synergy notes, the Court previously found that Synergy informed Mingtel that the first 5,000 tablets in order MT0559 were ready in the first few months of 2018 (Dkt. #72). Thus, the Court finds that Synergy notified Mingtel by March 1, 2018. Under the payment terms, payment was due ninety days later— on June 1, 2018.

[5] Under Texas law, prejudgment interest on a contract claim begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date the suit is filed. *Gunnerman*, 643 F.3d at 414. However, as noted, where federal law is silent on the issue, "state law is an appropriate source of *guidance*." *Hansen*, 940 F.2d at 984 (emphasis added). The Court finds that the date of breach is more appropriate because it more sufficiently makes Synergy whole. *See Thomas v. Tex. Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002).