# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SHENZEN SYNERGY DIGITAL CO., LTD. §<br>§<br>  *Plaintiff/Counter-Defendant*, §<br>§<br>v. §<br>§<br>MINGTEL, INC. §<br>  *Defendant/Counter-Plaintiff*. §<br>§ | Civil Action No. 4:19-cv-00216<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Amend Findings of Fact and Conclusions of Law and to Reconsider, Alter, or Amend the Final Judgment (Dkt. #78). After reviewing the request, the Court finds it should be **DENIED**.

### BACKGROUND

The facts of this case are fully set out in the Court's Findings of Fact and Conclusions of Law (Dkt. #72) (the "Opinion"), which was entered on March 29, 2022. Following a bench trial on the merits, the Court found in favor of Plaintiff Shenzen Synergy Digital Co., Ltd. ("Synergy") on its breach of contract claim for purchase order MT0559. Specifically, the Court found that Defendant Mingtel, Inc. ("Mingtel") breached Order MT0559 by refusing delivery of the shipment and paying only five percent of the purchase price. The Court also concluded that Mingtel's counterclaim failed, finding that Mingtel did not prove that Synergy breached purchase order MT0560 by delivering nonconforming tablets. The Court also found that even if Mingtel had proved that the tablets were nonconforming, its counterclaim likewise failed because Mingtel failed to timely adequately inspect the goods and timely notify Synergy that the goods were nonconforming.

On April 26, 2022, Mingtel filed the present motion (Dkt. #78). On May 10, 2022, Synergy filed its response (Dkt. #79).

## LEGAL STANDARD

In its motion, Mingtel seeks relief pursuant to Federal Rules of Civil Procedure 52(b), 59(e), and 60 (Dkt. #78 at p. 2).[1]

Rule 52(b) provides that a court "may amend its findings—or make additional findings—and may amend the judgment accordingly." FED. R. CIV. P. 52(b). The purpose of a Rule 52(b) motion "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). A Rule 52(b) motion should not "be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Garcia v. Stephens*, No. 3:06-CV-2185, 2015 WL 6561274, at *2 (N.D. Tex. Oct. 29, 2015) (quoting *Fontenot*, 791 F.2d at 1219).

Courts use the same standard to evaluate motions to reconsider brought under Rule 59(e) as motions to amend brought under Rule 52(b). *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 Fed. App'x. 418, 420 (5th Cir. 2015) (collecting cases). Like motions to amend under Rule 52(b), motions to reconsider under Rule 59(e) serve a very limited purpose: "to permit a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v.*

---

[1] Both Rules 52(b) and 59(e) apply only if a motion is filed within 28 days after entry of judgment. *See* FED. R. CIV. P. 52(b), 59(e). By contrast, rule 60(b) applies if the motion is filed after this time period. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991); *see also Picasso v. City of Nacogdoches, Texas*, No. 9:08-CV-149, 2010 WL 11545778, at *1 n.1 (E.D. Tex. June 15, 2010). Further, whether a motion is considered under Rule 59(e) or Rule 60 depends on when the motion was filed. *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. *Id*. Here, the Court issued its final judgment on March 29, 2022, and Mingtel filed the present motion on April 26, 2022. Thus, because Mingtel filed its motion to amend and reconsider the final judgment within 28 days of entry of the judgment, the Court considers the motion under the more lenient standard of Rules 52(b) and 59(e), rather than Rule 60(b). *See Picasso*, 2010 WL 11545778, at *1 n.1.

*pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004).  District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Hernandez v. Rush Enters., Inc*., No. 4:19-CV-638, 2021 WL 1163725, at *1 (E.D. Tex. Mar. 26, 2021) (internal quotations and citations omitted).  Rather, "litigants are expected to present their strongest case when the matter is first considered." *Louisiana v. Sprint Comms. Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995) (citation omitted).

Accordingly, relief under Rule 59(e) is appropriate only when  the movant shows: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empls. Health Ins*. Co., 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

## ANALYSIS

Mingtel argues the Court should amend its Findings of Fact and Conclusions of Law and reconsider, alter, or amend the Final Judgment because the Court "did not address Mingtel's counterclaims" (Dkt. #78 ¶ 7).  More specifically, Mingtel argues the Court should reconsider two of its findings: (1) "that Mingtel did not give Synergy notice of any quality or conformity problem with the tablets delivered for Order MT0560 until several months after delivery"(Dkt. #78 ¶ 15); and (2) "that MT0559 was for 10,000 tablets, as opposed to the modified 5,000 tablets" (Dkt. #78

p. 8). In support of its argument that the Court should reconsider its conclusion that Mingtel failed to provide notice within a reasonable time, Mingtel attaches a certified translation of communications purportedly showing that Mingtel notified Synergy of issues approximately one month after delivery of the tablets (Dk. #78 ¶ 19).

In response, Synergy contends that contrary to Mingtel "[b]izarre[]" arguments, this "Court exhaustively reviewed the counterclaim[,]" and a review of the Opinion "shows that a large portion of those findings and conclusions pertain to [Mingtel]'s counterclaim" (Dkt. #79 at p. 4). Further, Synergy argues that Mingtel's "motion seeks to merely rehash evidence and arguments already presented at trial" (Dkt. #79 at p. 7). Moreover, Synergy argues the Court "should reject and disregard Exhibit A" since it was "created by Defendant 3 months **after** trial[] [though] any communications between the parties were in Defendant's possession since the inception of this litigation and later in discovery" (Dkt. #79 at pp. 6–7) (emphasis in original). The Court agrees with Synergy.

Here, at bottom, Mingtel disagrees with the Court's determination that (1) Mingtel did not provide notice of the nonconformity within a reasonable period of time, and (2) that Order MT0559 was for 10,000 tablets. However, its methods of attack suffer from fatal flaws. For example, as to the first point of disagreement, Mingtel now presents evidence that could have been introduced prior to the entry of judgment—translated communications between the parties with corresponding dates. Further, Mingtel offers no explanation as to why it did not present these translations before now. Yet, the Fifth Circuit has settled that Rule 52(b) and Rule 59(e) motions are "not the proper vehicle[s] for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Additionally, as to Mingtel's second point of disagreement, whether Order MT0559 was for 10,000 tablets, Mingtel seeks to

4

relitigate the merits of the Court's decision. But "[a] Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, No. 3:00-CV-1543, 2004 WL 2189634, at *1 (N.D. Tex. Aug. 26, 2004) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)).

In sum, Mingtel's arguments fail to satisfy Rule 52(b) or Rule 59(e) because they were raised previously or could have been raised previously. Though Mingtel disagrees with the Court's Order, "[m]ere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (citing *Krim*, 212 F.R.D. at 332). Instead, rule 52(b) and Rule 59(e) motions must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). And, here, Mingtel has not identified a manifest error of law or fact in the Court's order. Nor has it presented newly discovered evidence. *See id*. Thus, Mingtel has failed to demonstrate it is entitled to the extraordinary relief under Rule 52(b) or Rule 59(e). *See Templet*, 367 F.3d at 478. As such, the Court finds that its original decision should stand.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Amend Findings of Fact and Conclusions of Law and to Reconsider, Alter, or Amend the Final Judgment (Dkt. #78) is hereby **DENIED**.

**IT IS SO ORDERED.**
SIGNED this 22nd day of June, 2022.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE